CHRIST v. THE PEOPLE.

1. A petition for change of venue, and the affidavits in support thereof, must set forth the facts upon which the petitioner's fears that he will not receive a fair trial are founded.

2. Where a matter of law merely (as the argument of a motion for change of venue or for a new trial) is being agitated before the court it is not necessary that the prisoner be present.

3. In case of larceny of cattle the inspection of the hides by the jury, the brand not being in question, is immaterial.

4. Where secondary evidence is admitted at the trial without objection and exceptions duly reserved it cannot be considered in this court.

5. Where, by the record, the verdict appears formal, but by the bill of exceptions, informal, this court will presume that the verdict was put in proper form before the discharge of the jury.

6. Where newly-discovered evidence goes only to impeach the credit or character of a witness it is not sufficient ground for a new trial.

*Error to District Court of El Paso County.*

GEORGE H. CHRIST was indicted at the February term, 1877, of the El Paso district court, for the larceny of certain cattle of the property of Bell & Thornton; was tried at the same term and convicted. A motion for a new trial was overruled, and judgment was entered on the verdict. The errors assigned are discussed in the opinion, which renders further statement unnecessary.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

A. J. SAMPSON, Attorney-General, for the defendants in error.

ELBERT, J.   We will consider the assignment of errors in the order in which they are presented.

1. Waiving any consideration of the question that the petition for a change of venue and the affidavits in support of it are not properly before us, not having been preserved in the bill of exceptions they were clearly insufficient under the statute. The defendant in his petition

failed to set forth the fact or facts upon which his fears that he would not receive a fair trial were founded. This is necessary under the statute. The naked statement, that the inhabitants of the county wherein the trial was had were prejudiced against him, was not sufficient. He should have set forth the grounds upon which his belief of prejudice was based. The three affidavits in support of the petition were insufficient under the law for the same reason.

2. The fact that the defendant was not present in court, except by attorney, upon the argument and overruling of the motion for a change of venue is not ground for reversal. Mr. Bishop states the rule to be, that where a mere matter of law is to be agitated before the court, there is no reason why it should not be done by counsel in the absence of the prisoner. Bishop's Crim. Pro., § 277. To this rule we can see no valid objection, either in reason or practice. The objection taken in the twelfth assignment, that the prisoner was not present in court in person when the motion for a new trial was determined, comes within the same rule, and cannot be sustained.

3. We can see no object in allowing the hides sworn to by the witnesses Charles and Sarah Smith to be inspected by the jury. The brand on them was not in dispute. The question whether the hides were those of the cattle stolen was the real point in controversy.

Upon this question the inspection could have thrown no light, and the defendant would have gained nothing thereby.

4. The evidence respecting the brand of Bell & Thornton, the alleged owners of the stolen cattle, was admitted without objection or exception by the defense, and cannot be considered here. If objection had been made at the trial, the prosecution might have supplied evidence that the brand had been duly recorded according to law.

5. We find no error in the instruction given by the court and set forth in the fifth assignment. It correctly pronounced the law. The instruction asked for by the de-

fendant and refused by the court, set forth in the sixth assignment, had already been substantially given in a previous instruction, and it was not error to refuse to repeat it.

6. There was sufficient evidence respecting the venue to warrant the jury in finding it proven as charged in the indictment. Clark testified that he followed the trail of the cattle from El Paso county to the house of the prisoner, and also that the prisoner admitted having taken the cattle from that county.

7. By the record proper, the verdict of the jury appears formal and sufficient. By the bill of exceptions it appears to have been informal, as rendered by the jury. The court had full power to put the verdict in form, and the presumption is that it did so prior to the discharge of the jury. There is nothing in the record to show the contrary.

The mere recitals in the defendant's motion to correct the record made after judgment rendered, cannot be accepted as showing that such was the fact.

8. The only question presented by the motion for a new trial, necessary to consider, is the matter of newly-discovered evidence. This evidence could have no other tendency than to discredit the witness Clark, and it is a well-setted rule that newly-discovered evidence going only to impeach the credit or character of a witness is not sufficient ground for a new trial. Hilliard on New Trials, 505, and cases cited.

The exceptions to this rule are rare, and we have been unable to find any authority or reason for taking this case without the rule. Respecting the term of court, counsel appeared to have been misled. The trial was had at a term of court fixed by a law of the late State legislature, and as yet unpublished.

These are the only assignments that it is thought necessary to consider.

Finding no error in the record, the judgment of the court below must be affirmed.

*Affirmed.*