[Civ. No. 2878.  First Appellate District, Division Two.—July 21, 1919.]

ROSINA EXPOSITA, Appellant, v. UNITED RAIL-ROADS OF SAN FRANCISCO (a Corporation), Re-spondent.

[1] EVIDENCE — COMPETENCY OF CHILD UNDER TEN — DISCRETION OF TRIAL COURT.—The competency of a child under the age of ten years to testify is a matter which is left largely to the discretion of the court.

[2] ID.—SUGGESTION BY COURT THAT CHILD BE WITHDRAWN—FAILURE TO OBJECT—PRESUMPTION.—Where the trial court suggests that a child under the age of ten years should be withdrawn as a witness because she is too young, and no objection is interposed by the party offering such witness to the action of the trial court, the witness being withdrawn, acquiescence will be presumed.

[3] NEGLIGENCE — ACTION FOR DAMAGES — INJURY WHILE ALIGHTING FROM STREET-CAR—NONOCCURRENCE OF ACCIDENT—EVIDENCE.—In an action for damages for personal injuries alleged to have been sus-tained by plaintiff while attempting to alight from a street-car of the defendant company, testimony of the crews of the various cars which were scheduled to pass over the line on which the plaintiff claims to have been traveling prior to and immediately following the time of day when the plaintiff claims the accident occurred, that no accident such as described by the plaintiff occurred upon the cars which they were operating, is admissible to establish the

---

1. Competency of child as witness, notes, 124 Am. St. Rep. 296; 14 Ann. Cas. 3; Ann. Cas. 1916C, 424; 19 L. R. A. 65.

defense that the accident never in fact occurred at all, notwith-
standing the crew of one car upon which the accident could have
occurred is not produced. The negative character of such evi-
dence only affects its weight and sufficiency.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. John Hunt, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Ambrose Gherini and Edwin H. Williams for Appellant.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon
for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff
from a judgment rendered against her upon a verdict of
a jury. The action was one for damages for personal in-
juries claimed to have been sustained by plaintiff while
attempting to alight from one of defendant's street-cars at
Fifteenth and Church Streets, in San Francisco. The com-
plaint alleged that while the plaintiff was attempting to
alight from the defendant's car, the car started and threw
her to the ground, causing serious internal injury.

The appellant argues two questions upon the appeal.
The first contention is that the court erred in refusing to
permit a nine year old child to testify for plaintiff on
the ground that she was too young, without any examina-
tion of the proffered witness. The plaintiff testified as to
the occurrence of the alleged accident, and her testimony
was corroborated by that of Primo Mileti, alleged to have
been with her at the time. She also offered the testimony
of her nine year old daughter, who, it is asserted by her,
was present at the time of the accident and witnessed it.
The preliminary questions by the court disclosed the fact
that at the time of the accident the child was eight years
and four months old; that she was nine years old on the
ninth day of August, 1916, and the trial took place about
a month later. The trial judge stated that from the ap-
pearance of the child he would think that she was between
seven and eight years old at the time of the trial, and
that she was too young at the time of the alleged accident
to be permitted to testify in regard to the occurrence.

Appellant argues that it was improper to exclude the testimony of the child without an oral examination directed to whether or not she was mentally capable of receiving an impression and truthfully relating it, and that as no such examination was made, the exclusion of the testimony was error.

Section 1880 of the Code of Civil Procedure enumerates the classes of persons who may not testify, and among such are included: "Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." [1] The competency of a child under the age of ten years to testify is a matter which is left largely to the discretion of the court. (*People* v. *Craig,* 111 Cal. 460, [44 Pac. 186].) The trial judge observed the child and stated that she appeared younger even than her age. However, it becomes unnecessary for us to discuss this matter, because it appears that plaintiff acquiesced in the suggestion of the court and withdrew the witness without objection. The record does not show that objection to the competency of the witness was interposed by the defendant, but it shows that when the child was offered as a witness the court and counsel engaged in a colloquy as follows:

"Mr. Williams: Marguerite, will you take the stand? The young lady is only nine years old.

"The Court: When did the accident occur?

"Mr. Williams: On the 27th of December last, about last Christmas, about eight months ago.

"The Court: How old is she now?

"Mr. Williams: She is nine years old.

"The Court: When was she nine years old?

"Mr. Williams: The 9th of August.

"Mr. Cannon: Probably about eight years and four months when the accident happened.

"The Court: Well, she is too young, being only about eight years old at the time of the accident.

"Mr. Williams: Well, would it be proper for us to make a showing?

"The Court: I should judge from the appearance of the child she was between seven and eight years.

"Mr. Williams: As I understand it, she was between eight and nine at that time.

"Mr. Cannon: According to your figures, she was about eight years and three months.

"The Court: The trouble is you cannot impress upon the child the obligation of an oath.

"Mr. Williams: The act provides that they must be under ten and of such a condition of mind that they cannot truthfully receive an impression and truthfully relate it.

"The Court: Yes, sir; I think perhaps you had better withdraw the little girl."

[2]    This portion of the record is set out in the appellant's brief, and it is then stated by appellant that the witness was withdrawn.  It does not appear from the record that any objection was made.  This is not one of the judicial acts enumerated in section 647 of the Code of Civil Procedure, which are deemed excepted to, and as no objection was interposed by plaintiff to the action taken by the trial court, acquiescence is presumed.

[3]    Appellant's next objection is in regard to the nature of the evidence offered by the defendant to establish its defense that the accident to which the plaintiff testified never in fact occurred at all.  In regard to the time at which the accident occurred, the plaintiff testified that she had gone to visit her husband at the hospital and remained there until about 8:10 P. M., and after leaving the hospital she walked about a block to Fillmore Street and boarded a street-car at about 8:15 P. M. and rode to Fifteenth and Church Streets, where the accident occurred.  The defendant produced the crews of the various cars, which, according to the company's schedule, would have passed Fillmore and Church Streets at 8:07, 8:13, 8:16, 8:19, 8:22, and 8:28 P. M., and the conductor upon the car that was scheduled to pass that point at 8:10 P. M., all of whom testified that no such accident occurred upon the cars which they were operating.  This evidence, although negative in character, we think was admissible.  (*Thompson* v. *Los Angeles etc. Co.*, 165 Cal. 750, 752, [134 Pac. 709].)  Further objection is made that no showing was made by the defendant that the actual running time of the cars corresponded to the schedule time.  While it is true that there is not much evidence upon this point, yet there was some evidence which would warrant the jury in conclud-

ing that the cars were running on schedule time. Mr. Donald Piercy, who testified that he was a car-dispatcher at the car barn of the Turk and Fillmore division, which division was the line on which plaintiff claimed to have been injured, testified that if the cars had been delayed he would have known it by reports sent to his office. Appellant's further point with regard to this evidence is that it does not completely exclude the possibility of the accident; it is not conclusive, and that it is possible that the plaintiff may have been upon yet another car. And appellant argues especially that as the crew of car No. 30, scheduled to pass Fillmore and Church Streets at 8:25 P. M., was not produced, there was no evidence offered against the possibility that this particular car was the one on which the accident occurred. It is, of course, within the range of possibility that the plaintiff was upon this car No. 30 or upon yet another car passing later, about which the record offers no information, and the jury might have so concluded. The jury has, however, concluded that the probability was the other way, and has given a judgment for the defendant. The defendant offered the only kind of evidence available in the nature of the case. Its negative character affected its weight and sufficiency. Conclusive proof is never necessary to justify the verdict of a jury. The jury had the right to draw its own inferences from the evidence. It drew such an inference as conflicted with plaintiff's testimony and to their minds overcame it.

The judgment is affirmed.

Haven, J., and Brittain, J., concurred.