## No. 10,459.

## HOLM v. THE PEOPLE.

Decided November 6, 1922. Rehearing denied December 4, 1922.

Plaintiff in error was convicted of taking indecent liberties with a female child.

### Affirmed.

### On Application for Supersedeas.

1. WITNESSES—*Competency—Infant.* The competency of a witness of tender years is ordinarily for the trial court, and unless there is an abuse of discretion, a ruling on that question will not be disturbed on review.

2. APPEAL AND ERROR—*Evidence—Objection.* Unless objection is made and exception saved to the admission of testimony, alleged errors based thereon will be considered waived.

3. *Objection in Trial Court.* An objection to the admission or exclusion of evidence must be made in the trial court, otherwise it will not be considered on review.

4. INSTRUCTIONS—*Requests.* Requested instructions for which there is no basis in the evidence, or which are covered by the instructions of the court, are properly refused.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM H. GABBERT, Mr. JOEL E. STONE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defend-

ant) was found guilty of taking indecent liberties with a female child, and sentenced to the state penitentiary for a term of five to eight years. To review that judgment he brings error, and the cause is now before us on his application for a supersedeas.

It is first urged that the prosecuting witness, who was but seven years of age, was, by reason of her immaturity, incompetent to testify, and that the admission of her evidence was an abuse of discretion. It is admitted that this question is ordinarily one for the trial court. *Victor v. Smilanich*, 54 Colo. 479, 483, 131 Pac. 392. But it is urged in the instant case that prior to her examination the trial Judge expressed a doubt as to her knowledge of the nature of an oath, that she was not thereafter further examined as to her competency, and that no further finding was made thereon. While it is true that the court's admission of her testimony outweighs the doubt expressed when she was first called to the witness stand, the condition of the record is such as to require no further analysis of the question. Defendant's counsel made no objection to her testimony, did not move to strike it, nor otherwise during the trial question her qualification. Unless objection is made and exception saved to the admission of testimony, alleged errors based thereon will be considered waived. *Christ v. People*, 3 Colo. 394; *Holland v. People*, 30 Colo. 94, 98, 69 Pac. 519.

An objection to the admission or exclusion of evidence on the ground of the competency of a witness must be made in the trial court. Otherwise it will not be considered on review. *Robinson v. Marino*, 3 Wash. 434, 28 Pac. 752, 28 Am. St. Rep. 50; *Exposita v. United Railroads*, 42 Cal. App. 320, 183 Pac. 576; *Muskogee E. T. Co. v. McIntire*, 37 Okl. 684, 133 Pac. 213, L. R. A. 1916C, 351.

Defendant tendered the following instruction: "You are instructed that in considering the testimony of a child of tender years, you should take into consideration its age, susceptibility to influence and suggestion and the natural tendency of children to imagination."

The instruction was refused and that ruling is assigned

as error.   There is nothing in the record to indicate that this prosecuting witness was merely indulging in a flight of imagination and not the slightest support for the assumption that she had been subjected to influence or suggestion.   That portion of the instruction was therefore improper.   The remainder of it is fully covered by the usual and approved instruction on the credibility of witnesses.

It is further urged that error was committed in admitting certain testimony of the witness Van Stron.   The testimony was proper for a specific purpose to which it was definitely limited by the court's instruction.   It is not further examined because the record discloses no objection or exception to the ruling.

The foregoing are all the points covered by the assignment.   We have, however, examined the entire record with care and are not only satisfied that it is free from reversible error, but that it fully supports the verdict.

No good reason appears why the cause should be retained for further argument or examination.   The supersedeas is denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.