## No. 11,775.

### BRASHER v. THE PEOPLE.

Decided February 28, 1927.

Plaintiff in error was convicted of taking indecent liberties with the person of a female child.

### *Affirmed.*

### *On Application for Supersedeas.*

1. WITNESSES—*Child.* On the record it is held that there was no abuse of discretion on the part of the trial judge in permitting a child 11 years of age to testify.

2. INSTRUCTIONS—*Witnesses—Child.* A requested instruction concerning the testimony of a child 11 years old, held properly refused.

3. VERDICT—*Impeachment—Affidavits of Jurors.* A verdict cannot be impeached by the affidavits of the jurors who returned it.

4. APPEAL AND ERROR—*Sufficiency of Evidence.* The contention that the evidence on the trial of defendant for taking indecent liberties with the person of a female child was insufficient to support a verdict of guilty, overruled.

5. *Conflicting Evidence.* A verdict based on conflicting evidence will not be disturbed on review, under the objection that it is not supported by the evidence.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for the people.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error was found guilty of taking indecent liberties with the person of a female child ten years of age, whom we will refer to as Lena. Sentence was passed, and he brings the case here for review. He applies to have the writ of error made a supersedeas, and to be admitted to bail. In this opinion the plaintiff in error will be referred to as the defendant.

1.  The defendant contends that the court erred in permitting the witness Lena to testify. It is said that the witness knew nothing of the nature or solemnity of an oath, or of the moral obligation of an oath. Section 6562, C. L., provides that, "Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," shall not be witnesses. The witness was eleven years old at the time of the trial. The court examined her with reference to her qualifications as a witness, and found that she was "at least the average child in intelligence at her age, and that she told her story in a way that was convincing, not only as to the truthfulness of her statements, but also as to her knowledge of the effect of an oath and her obligation under that oath to tell the truth." We have examined the record, and find nothing to cause us to disagree with that finding, much less to lead to the conclusion that the trial court abused its discretion in permitting the

witness to testify. *Victor v. Smilanich,* 54 Colo. 479, 131 Pac. 392; *Holm v. People,* 72 Colo. 257, 210 Pac. 698.

2. The defendant assigns as error the refusal of the court to give his requested instruction cautioning the jury that the evidence of children of tender years "is open to several serious objections; such as the uncertainty of the witness' having the proper conception of the obligation of an oath, and the danger that such testimony may have been prompted and inspired by unscrupulous and interested persons," and that "it is well known that children constantly say what is not true, not from deception, but because they have come to think so by being talked to or by dreaming of certain things that may or may not have happened." This can hardly be said to be an instruction "as to the law of the case," which alone the courts of this state are permitted to give. C. L. § 7105. In *Holm v. People,* 72 Colo. 257 we approved the action of the trial court in refusing to give a requested instruction that, "In considering the testimony of a child of tender years, you should take into consideration its age, susceptibility to influence and suggestion and the natural tendency of children to imagination." Instruction No. 4, given by the court in the present case, consists of a caution with reference to the testimony of children, and is more favorable to the defendant than he was entitled to. The court did not err in refusing to give the requested instruction.

3. Another assignment is that the court erred in denying the defendant's supplemental motion to set aside the verdict and grant a new trial on the ground of misconduct of the jury. The only proof offered to establish such misconduct were the affidavits of several jurors. One juror swore that what influenced the verdict "was mostly outside talk, more than the evidence, to my notion;" that he (presumably another juror) said "if we turn him loose that there would be another case to be tried," and "that the first ballot stood 3 guilty and 9 acquittal." Another juror's affidavit was to the same

effect, but added that it was suggested „by some juror "that we might as well convict him on this charge as to let him go free and force another trial." Another juror swore that the verdict "was a compromise verdict." The people filed a counter affidavit made by a juror.

The trial court properly held that the verdict could not be impeached by the affidavits of the jurors who returned the verdict. *Heller v. People,* 22 Colo. 11, 43 Pac. 124; *Johnson v. People,* 33 Colo. 224, 80 Pac. 133, 108 Am. St. Rep. 85.

4. The remaining assignment of error is that the verdict was not supported by the evidence. The testimony of the girl, 11 years old, was the only testimony going directly to the commission of the crime. Her testimony was flatly contradicted by the defendant. Several witnesses testified to his good reputation. Other witnesses testified that it was Lena's practice to get on the lap of the defendant and on the laps of other men; that she was loving and affectionate to men; that she would put her hand in their pockets, and would ask them for, and would receive money.

We have carefully read the record, and cannot agree with counsel that the evidence was not sufficient to support the verdict. There was a direct conflict in the testimony. If the jurors believed the testimony of Lena— and they did—they could not do otherwise than find a verdict of guilty. If the trial judge believed her testimony—and he did—he could not do otherwise than deny the motion for a new trial. The jury and the trial judge had the witnesses before them, and could observe their manner and demeanor upon the witness stand and their apparent candor or lack of candor as they gave their testimony, an opportunity that we do not enjoy. Upon denying the defendant's motion for a new trial the judge said:

"The Court has had in mind in the trial of this case, all the way through, the fact that in this kind of a case, every precaution should be taken to protect the rights of

the defendant; that the charge is of such a nature that jurors are sometimes influenced by prejudice; and the Court gave an instruction which clearly told the jury that they must not be misled by the fact that the witness in this case was a child and might have dreams—that is the effect of it—that were not true. The Court was extremely attentive to the testimony of this little girl who testified in this case, and scrutinized her testimony very carefully; also scrutinized the question of her knowledge and understanding of what an oath means; and to be sure that I had made no mistake about it, I had this testimony read over to me since this trial. This little girl demonstrated on the witness stand here that she was at least the average child in intelligence at her age; and she told her story in a way that was convincing, not only of the truthfulness of her statements, but also as to her knowledge of the effect of an oath, and her obligation under that oath to tell the truth.

"The Court is mindful of the fact that it is the Court's duty, if there is any doubt of the guilt of a defendant, to set aside the verdict, regardless of what the testimony is; and if this Court had any doubt whatsoever of the guilt of this defendant, it would not hesitate to set this verdict aside; but after a careful consideration of this testimony and a deliberation over the matter, I can discover nothing therein to indicate that there has been a miscarriage of justice here, or to indicate anything else but the guilt of this defendant."

The rights of the defendant seem to have been fully protected. We find no error in the record. The judgment, therefore, is affirmed.