## No. 14,957.

### PAOLI STATE BANK *v.* BARKER ET AL.
(113 P. [2d] 1004)

Decided May 26, 1941.

154

Mr. T. E. MUNSON, for plaintiff in error.

Mr. SHERMAN E. WALROD, Mr. RAYMOND M. SAND-HOUSE, for defendants in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS action was instituted in the county court of Phillips county to foreclose a chattel mortgage. The parties appear here in the same relative position as in the court below. To the original complaint defendants, appearing specially, filed a motion to dismiss for want of jurisdiction, which, treated by the trial court as a demurrer, was sustained, and plaintiff was given ten days within which to plead over, which it did by the

filing of an amended complaint. To this amended complaint defendants simultaneously filed a motion requiring plaintiff to make more definite and certain the sixth paragraph thereof, and a demurrer based upon the following four grounds: (1) Misjoinder of parties; (2) several causes of action improperly united; (3) insufficient statement of facts to constitute a cause of action; (4) that the amended complaint is ambiguous, unintelligible and uncertain. Thereafter plaintiff filed a motion to strike from the files defendants' motion and demurrer above mentioned, which was denied. A motion by defendants to make the amended complaint more definite and certain was granted, and their demurrer as to the first, third and fourth grounds was sustained. Plaintiff electing to stand on its amended complaint, the trial court entered an order and judgment dismissing the same, to which order and judgment plaintiff assigns error.

Plaintiff in its amended complaint alleged substantially as follows: That November 1, 1938, it loaned to one C. H. Barker the sum of $600, for which, upon the same date, he executed and delivered to plaintiff a promissory note in like amount due ninety days after date; that to secure the payment of said note Barker executed and delivered to plaintiff his chattel mortgage (set out in the complaint) upon certain personal property of which he was the owner; that this chattel mortgage was duly and regularly recorded in Phillips county November 4, 1938; that the note and mortgage have been extended as provided by statute; that Barker died intestate on or about September 21, 1939, at which time he was indebted to plaintiff in the sum of $600, with interest thereon at the rate of ten per cent per annum from the 1st day of November, 1938, as evidenced by said promissory note; that plaintiff is informed and believes, and upon such information states, that just prior to his death, Barker conveyed all of his property to his wife and children; that no proceedings to administer his

estate have ever been instituted, the heirs claiming that there was no estate to administer at the time of his death; that defendants are in possession of the property described in the chattel mortgage and refuse to deliver the same to plaintiff, claiming that they are the sole and absolute owners of said property; that due demand has been made upon them for the property described in the mortgage, so that it may be sold for the purpose of paying the debt evidenced by said promissory note.

Relative to the granting of defendants' motion to make the amended complaint more definite and certain, counsel for plaintiff contends that whether the bank filed the required extensions—since to be effective they must be recorded—was information primarily within the knowledge of defendants, and if plaintiff failed to file the extensions, that issue, if raised, should be by answer. A better reason suggested is that, as to these defendants, it was not necessary to file any extension in order to maintain the validity of the chattel mortgage, as they were not "third persons" within the meaning of section 1, chapter 32, '35 C.S.A. "The intent of filing or recording is to be given constructive notice and prevent the public from being misled in dealing with property that is encumbered when no actual knowledge of the mortgage exists." Hellerstein on Chattel Mortgages in Colorado (3d ed.), p. 56, §50. Defendants, who were sons of the mortgagor, obtained possession of the mortgaged property by conveyance from their father just prior to his death and claim ownership by reason thereof. Such a conveyance or transfer may amount to a conversion or actual fraud. 10 Am. Jur., p. 842, §190. Unless third parties are bona fide purchasers for value after the lien of the chattel mortgage has expired, or are creditors, they stand in the same relation to the chattels covered by the mortgage as the mortgagor. *Conway v. Headquist,* 95 Colo. 187, 34 P. (2d) 69; *Bogdon v. Fort,* 75 Colo. 231, 225 Pac. 247, 10 Am. Jur., p. 796, §125. As to them, no extension was necessary.

That the transfer in the present case from the mortgagor to his heirs immediately prior to his death was without consideration and constituted a conversion, in violation of section 19, chapter 32, supra, also may properly be inferred from the allegations of the amended complaint. The trial court committed error in granting this motion.

■ The first ground of demurrer directed against the pleading, as before stated, is based upon the defect or misjoinder of parties. Counsel for defendants contend that since the amended complaint alleges that the mortgagor conveyed all of his property to his wife and children immediately prior to his death, they are necessary parties. The amended complaint alleges also that, "defendants are in possession of the property described in the chattel mortgage * * * and refuse to deliver said property to this plaintiff, the said defendants claiming that they are the sole and absolute owners of said property." They are, therefore, so far as appears on the face of the complaint, the only necessary parties. The first ground of demurrer should have been overruled.

■■ The third ground of demurrer is based upon the general proposition that the amended complaint does not state facts sufficient to constitute a cause of action against defendants. Two reasons are given by counsel for defendants as supporting this assertion, the first being that the chattel mortgage, set out in full in the amended complaint, fails to show that the acknowledgment before the notary public was under seal. What we have stated with regard to the mortgagor and his transferees in disposing of the motion to make more certain and specific, also has a bearing upon this proposition. It appears from the briefs, however, that this question concerning the absence of a seal in the acknowledgment appended to the chattel mortgage as the same appears in the copy set out in the amended complaint, is raised for the first time in this court, and that the trial court had no opportunity to consider it. Under these circumstances, we decline to pass upon it. *Conway v. Head-*

*quist, supra.* Had the attention of the trial court been called to the omission, if such there was, it could immediately have been corrected. If this contention has any merit it should be raised by way of answer. Under the circumstances now appearing, it does not impress us as having any merit.

The second reason given for the insufficiency of the amended complaint is that it fails to allege ownership, or any right attendant upon general or special ownership, in plaintiff. This is not an action in replevin, its purpose being to foreclose a chattel mortgage, in which the interested mortgagee is bound by the terms of the mortgage. The amended complaint states that the consideration for the note and chattel mortgage in favor of plaintiff was a loan in the sum of $600. A copy of the chattel mortgage is set out in the amended complaint and made a part thereof. This, in our opinion, is sufficient to show special ownership in plaintiff for the purposes of the suit. *Littell v. Brayton Motor & Accessory Co.,* 70 Colo. 286, 201 Pac. 34. It also appears from the pleadings that the indebtedness of $600 was due ninety days from November 1, 1938, and that on the date of mortgagor's death, September 21, 1939, he was indebted to plaintiff in the sum of $600, with interest from November 1, 1938. This sufficiently shows a past-due indebtedness.

The allegations of the amended complaint show that plaintiff was entitled to relief, and the general demurrer based on an alleged insufficient statement of facts (the third ground here) should have been overruled. *Gregg v. Hayes,* 27 Colo. App. 412, 149 Pac. 1055; *Slusser v. First National Bank,* 93 Colo. 219, 25 P. (2d) 183. This holding also disposes of the fourth ground of demurrer, that the amended complaint is ambiguous, unintelligible and uncertain. The contention is without merit. We also hold that there was no merit in plaintiff's motion to strike defendants' demurrer and motion

to make more definite and certain from the files of the court.

In view of our conclusions, we deem it unnecessary to discuss other questions raised. The trial court erred in sustaining defendants' demurrer.

The judgment is reversed and the case remanded with directions to reinstate the amended complaint, with leave granted to the parties to further plead as they may be advised.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.