No. 16,032.

PILLOD *v.* THE PEOPLE.
(200 P. [2d] 919)

Decided December 6, 1948.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

FRED S. PILLOD, plaintiff in error, to whom we hereinafter refer as defendant, was charged in two separate informations with the crime of taking indecent liberties with two little girls, aged six and seven years respectively. With the consent of defendant, the cases were consolidated for trial, at the conclusion of which the jury returned verdicts finding him guilty in each case. His motion for a new trial was overruled, he was sentenced to the penitentiary, and now brings the case here for review, alleging errors which we consider in the order discussed by his counsel.

On the afternoon of October 4, 1947, defendant and other workmen were engaged in remodeling his house in Grand Junction; about 4:30 p. m. he ceased work in order to water a tree in front of the house; he attached the hose, placed the end in a hole by the tree, then returned and sat down on the top step of the porch of the house and waited for the hole to fill with water. At the time, the two little girls involved herein were playing around his house and yard, as they did frequently. These facts are admitted. The children, called as witnesses, testified that while defendant was sitting on the steps, he motioned to them to come and sit by him; that they did so, and thereupon defendant took certain indecent liberties with their persons; that they then went in on the porch of defendant's house, where he seated himself

on a couch, while they sat on two chairs nearby; that defendant asked them in turn to come and lay down on the couch; that they did so and that he performed on each of them "the most disgusting and unspeakable indignities"; that he warned them not to say anything to anybody about what had occurred; that the six-year-old child, however, did tell one of her friends of the experience she had had, and this girl, being somewhat older, told her mother and the children's mothers what she had learned, thereby disclosing the facts upon which this prosecution is predicated.

I. The verdict is supported by the evidence.

It is first contended that the two children, six and seven years of age respectively, were not shown to be competent to testify. The statute of Colorado provides that the following shall not be witnesses: "Second—Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly." '35 C.S.A., vol. 4, c. 177, §8. We have held that, "the competency of a child as a witness under the prescribed age, is a question addressed to the sound discretion of the trial court to determine." *City of Victor v. Smilanich,* 54 Colo. 479, 483, 131 Pac. 392. Each child in the case at bar was given a preliminary examination, after which the trial court expressed no doubt as to their competency as witnesses. We have examined the record and are satisfied that the court did not abuse its discretion in permitting the two children to testify. Then, too, no objection was made to their testifying; no motion was made to strike the testimony given, and in the motion for a new trial there is no allegation that their evidence was incompetent or that they were not qualified to testify. As we said in *Holm v. People,* 72 Colo. 257, 258, 210 Pac. 698:

"Defendant's counsel made no objection to her testimony, did not move to strike it, nor otherwise during the trial question her qualification. Unless objection

is made and exception saved to the admission of testimony, alleged errors based thereon will be considered waived. *Christ v. People,* 3 Colo. 394; *Holland v. People,* 30 Colo. 94, 98, 69 Pac. 519.

"An objection to the admission or exclusion of evidence on the ground of the competency of a witness must be made in the trial court. Otherwise it will not be considered on review."

II. The trial court did not err in receiving the testimony of Ruth Hubbard. Ruth was a twelve-year-old girl and a neighbor of the two children involved herein. She testified that on Monday, two days after the commission of the alleged offenses upon which these prosecutions are based, she and the six-year-old girl saw defendant at the rear of his building; that he motioned for them to come over, but that she refused to go and told her companion that they should "turn around and go back"; that then the child told her of Pillod's conduct the previous Saturday; that she immediately told her mother, and the child's mother, of the incident and the latter in turn told the mother of the other child. The two mothers then related the incident to their husbands, who in turn verified the informations filed herein. Neither Ruth Hubbard nor either of the parents of the two little girls were permitted to testify as to what the children told them. The trial court properly held that the prosecution could show that a complaint had been made, "but not the details of what was said on that occasion, * * *." Neither of these children was physically injured. Their failure to make immediate complaint should not be viewed in the eye of the law, the same as if they had been mature women of judgment and discretion. Obviously, these young girls did not appreciate the indignity which defendant had imposed upon them. *People v. Lutzow,* 240 Ill. 612, 88 N.E. 1049; *People v. Bianchino,* 5 Cal. App. 633, 91 Pac. 112, 113; *People v. Gage,* 62 Mich. 271, 28 N.W. 835; *Kenney v. State* (Texas), 79 S.W. 817.

III. The trial court did not err in receiving the testimony of the parents of the two children.

The parents of both the little girls were allowed to testify that complaint was made to them by their children. Evidence of the complaint was properly admissible. *People v. Gage, supra.* A different situation arises, however, where the prosecuting witness is not called as a witness. That was the situation presented in *Elmer v. State,* 20 Ariz. 170, 178 Pac. 28. There the court said, at page 171: "The young girl was not prosecutrix in the case; that is, she did not appear as a witness and testify in the case. It does not appear that she was too young to understand the nature of an oath, or that she was imbecile or otherwise incapacitated as a witness. It does appear, however, that at the time of the trial she was about 16 years of age, and resided in the county where the case was tried, and that she was available as a witness if the prosecution desired to call her. The rule is well established that the fact that the victim of a rape made complaint soon after the occurrence may be shown in evidence, either by the testimony of the victim or by the person to whom the complaint was made. However, such testimony is not admissible as independent proof of the commission of the crime, but is only to be received in corroboration of the victim or prosecutrix. 22 R.C.L. §47; 33 Cyc. 1463."

IV. Defendant was accorded a fair trial. Complaint is made that no cautionary instruction concerning the testimony of the two infant children was given. No instructions were tendered by defendant's counsel, and no exceptions saved to those given; also the point was not raised in the motion for new trial. Under these circumstances we may not pass upon the question on review. "It is a familiar rule * * * that objections cannot be raised for the first time in this [Supreme] court." *Davis v. People,* 112 Colo. 452, 150 P. (2d) 67. See, also, *Paoli State Bank v. Barker,* 108 Colo. 153, 113 P. (2d) 1004; *Routa v. People,* 117 Colo. 564, 192 P. (2d) 436.

■ Both children told on the witness stand what defendant did to them. Defendant, testifying, positively denied the charge. The jurors were permitted to view the premises. The whole question of the guilt or innocence of the defendant the court properly submitted to the jury for determination. It found defendant guilty as charged.

We find no error in the record and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.