No. 22423.

Fᴜᴇʟs Rᴇsᴇᴀʀᴄʜ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ *v.* C. D. Rᴏʙᴇʀᴛs.
(458 P.2d 751)

Decided September 22, 1969.

ROBINSON, TILTON AND ROBINSON, WM. HEDGES ROBINSON, JR., for plaintiff in error.

NAPHEYS AND NAPHEYS, BEN NAPHEYS, III, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

PLAINTIFF in error, Fuels Research Corporation, was defendant in the trial court and seeks reversal of an adverse judgment in the Denver district court for $15,000 against it, in favor of defendant in error, C. D. Roberts, plaintiff below. The parties will be referred to as "plaintiff," or "Roberts" and "defendant," or "Fuels Research Corporation."

Plaintiff's claim arose out of a contract by which defendant agreed to purchase from plaintiff a note and chattel mortgage in the amount of $25,000 made by a corporation called Power Fuels Corporation of America, payable to Central Bank & Trust Company of Denver, Colorado. This note had been personally guaranteed by plaintiff, and as a result of the default of Power Fuels Corporation plaintiff was compelled to pay the note. The security for the note, in addition to plaintiff's guarantee, consisted of the chattel mortgage on the inventory, formulae of automotive fuel and oil additives, trademarks and other personal property owned by Power Fuels Corporation. Upon payment to the bank, the note and chattel mortgage were assigned by the bank to the plaintiff.

Power Fuels Corporation had originally acquired the formulae from their inventor, Robert M. Metcalf. Metcalf, who was the sole stockholder, president and general manager of defendant, Fuels Research Corporation, in an effort to regain the ownership of the formulae for his corporation, caused a written agreement dated April 5, 1961, to be entered into by the corporation with the plaintiff, the breach of which agreement is the basis of this action. The essential terms of the agreement were as follows. Defendant agreed to purchase the note and chattel mortgage, which plaintiff had been compelled to pay under his guarantee to the bank, together with 168,000 shares of the capital stock of Power Fuels Corporation of America, for a total consideration of $25,000, the price to be paid at a minimum rate of $250 per month, with provisions for accelerated payments based upon projected increases in monthly gross sales of defendant corporation. The note and chattel mortgage, and security — the formulae, trademarks, inventory and other personal property — by the terms of the agreement were to be placed in escrow with Jules Singer, an attorney at law, who was also secretary of defendant corporation, to be delivered to defendant upon payment in full of the agreed sales price. The agreement contained the following

provisions concerning default in payment of the purchase price:

"In the event that the minimum monthly payment as outlined above is not made and that notice of default be given to Jules Singer, he is authorized to return the note, chattel mortgage, stock, formulae and trademarks to you upon demand in writing, addressed to him by you, provided, however, that any default may be remedied within ten (10) days after receipt by him of your notice.

"In the event of a default as aforesaid, and the return to you of the note, chattel mortgage, stock, formulae and trademarks, you are to retain such sums as have been paid to you as and for liquidated damages."

Pursuant to the agreement, the documents were placed in escrow. At the insistence of Metcalf and defendant, plaintiff agreed to foreclose the chattel mortgage in order that the interest of Power Fuels Corporation of America might be terminated and plaintiff's title to the formulae and other items might be perfected, it being contemplated that defendant would fulfill the terms of the purchase agreement. This foreclosure was accomplished on October 14, 1961. At no time, however, did the items leave the possession of the escrow agent, Jules Singer.

Payments totaling $1,000 were made to plaintiff and thereafter defendant defaulted. Jules Singer, the escrow agent, died, November 16, 1962, and Helen Singer was appointed as administratrix of his estate. After many efforts to collect the delinquent payments, plaintiff gave defendant formal notice of default on June 6, 1963. The default was not cured within the ten days as required by the agreement. Plaintiff demanded return of the escrowed items from the administratrix of the estate of Jules Singer, deceased, who refused to return the items, claiming an attorney's lien thereon.

Being unsuccessful in collecting the sums due under the agreement or in obtaining return of the escrowed items, plaintiff commenced this action against defendant

and other named defendants who were Fuels Research Service Corporation (another operating corporation owned by Robert N. Metcalf), Robert N. Metcalf, Catherine B. Metcalf, and Helen Singer as administratrix of the estate of Jules Singer, deceased. Plaintiff's claim was dismissed as to all of the named defendants except Fuels Research Corporation and Robert N. Metcalf. Trial to the court resulted in a judgment of dismissal in favor of Metcalf, and a judgment in favor of plaintiff against defendant, Fuels Research Corporation, for $15,000. Thereafter defendants' motion for new trial was denied.

Fuels Research Corporation contends the trial court erred in four particulars which we will discuss in the order asserted.

## I.

 Defendant argues that the agreement provided for liquidated damages and, when plaintiff elected to proceed under the agreement, his recovery was limited to the liquidated damages. Defendant contends that plaintiff's recovery was limited to the amount paid by defendant to plaintiff on the sale price, that is, $1,000. Defendant's argument disregards that part of the liquidated damage provision which states: "In the event of a default as aforesaid, and *the return to you* [plaintiff] of the note, chattel mortgage, stock, formulae and trademarks * * *." In the context of this agreement, we consider the return of the escrowed items as a condition subsequent to the effectiveness of the liquidated damage provision. *Hoffman v. Employer's Liability Assur. Corporation,* 146 Or. 66, 29 P.2d 557; *Restatement of Contracts,* § 250 (1932); 5 *S. Williston, Law of Contracts* § 667 (3d ed. W. Jaeger 1961). Here, these items remained in the possession of the escrow agent's personal representative who refused plaintiff's demand for return thereof to him according to the terms of the agreement. The condition subsequent not having occurred, the provision limiting plaintiff's recovery to liquidated damages was not operative. The absurdity of defendant's conten-

tion is obvious — that plaintiff should be limited to recovery of only $1,000 of an agreed purchase price of $25,000, without restoration of the subject matter of the sale.

## II.

■ Secondly, defendant contends that plaintiff had under his possession and control all of the assets which were placed in escrow; that, after declaring a default under the terms of the agreement, he treated with the property as his own; and that, as a consequence thereof, defendant was not obligated to plaintiff in any particular. This assertion is not borne out by the facts in evidence which are undisputed in this particular, that the assets, having been placed in escrow, were never in the control of the plaintiff but rather in the possession and control of the escrow agent, subject to the terms of the escrow agreement. Plaintiff was entitled to their return upon default, which was refused. Defendant failed to release the escrow and plaintiff's remedy was by resort to court action. We find no merit in this argument.

## III.

■ Thirdly, defendant claims the purchase agreement was rendered without consideration and therefore defendant is not liable for breach of the agreement to purchase. This conclusion is predicated on defendant's contention that the value of the formulae lay in their secrecy; that plaintiff made public the ingredients of the formulae; and that, therefore, the value of the bargain was destroyed. The proof relative to this matter was in dispute and the court resolved the issue in favor of plaintiff. This alleged error is without merit.

## IV.

■ Defendant's last contention relates to alleged errors in admission into evidence of plaintiff's exhibits C, I, L, and M. Exhibit C was a letter from the escrow agent, Jules Singer, to plaintiff, relating to the sale by defendant of fuel additives and also relevant to the amount of payment due plaintiff under the agreement.

Exhibit I was admitted without objection of defendant. We need not consider this alleged error. *Holm v. People,* 72 Colo. 257, 210 P. 698. Exhibits L and M, though offered in evidence, were in fact not admitted by the court. We have also considered the testimony concerning transactions which occurred prior to the specific matters in controversy here. We find no prejudicial error in this regard.

The judgment is affirmed.

MR. JUSTICE DAY AND MR. JUSTICE PRINGLE dissent.