[Civ. No. 1925. Fifth Dist. Feb. 20, 1975.]

ROBERT RIDDICK, a Minor, etc., Plaintiff and Appellant, v.
JIM HAY COMPANY et al., Defendants and Respondents.

## COUNSEL

Chain, Younger, Cooney, Jameson, Lemucchi & Busacca, Chain, Jameson, Lemucchi & Busacca and Timothy Lemucchi for Plaintiff and Appellant.

Borton, Petrini, Conron, Wetteroth, Hitchcock, Borton, Petrini & Conron, Werdel & Kuhs and George F. Martin for Defendants and Respondents.

---

**OPINION**

**THOMPSON, J.**\*—Plaintiff appeals from the judgment entered on a jury verdict in favor of defendants and from the denial of a motion for a new trial; the latter order is not appealable and is dismissed. (*Rodriguez v. Barnett,* 52 Cal.2d 154, 156 [338 P.2d 907].)

The major portion of the facts in this action are not in dispute. Plaintiff, while riding as a passenger in a vehicle being driven by his 15-year-old friend, Joe Castro, was injured in a collision with a truck belonging to defendant Jim Hay Company and being operated by its employee codefendant Jesse Earl McCoy; at the time of the accident plaintiff also was 15 years old. The vehicle occupied by plaintiff was being driven between 50 to 60 miles per hour in a northerly direction on Mettler Road in Kern County in a 65-mile-an-hour zone when it collided with the truck. The truck had proceeded west on Valpredo Road to the point where that road made a "T" intersection with Mettler Road. After making a stop at the stop sign protecting Mettler Road, the truck was making a left hand turn onto Mettler Road when the collision occurred. The vehicles collided in the middle of the intersection; the front of the car impacted with the rear portion of the first trailer of the truck. It was a dark clear night. The defendant truck driver testified that although he had looked in the direction from which the Castro vehicle was approaching and had seen no headlights, he did not see the Castro vehicle until just at the moment of impact. Castro testified that his headlights were on and that he did not see the truck until he was within 100 feet of it; evidence at the scene of the accident indicated Castro left 50 feet of skid marks. The plaintiff had retrograde amnesia and could not remember anything that occurred within the last mile before impact; however, he testified that the headlights of the car were on beyond a mile before the point of collision.

The testimony also indicated that Castro, although not of a licensable age, had some driving experience; some of it was on public roads.

There was testimony from one investigating highway patrol officer that

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

the light switch on the Castro car was in an "off" position when he inspected the car some 15 minutes after the accident. There was also testimony from another highway patrol officer, who examined the broken headlights after the accident, that it was his opinion that the lights were on at the moment of impact because of the manner in which the tungsten filaments in the lamp had deflected after the shattering of the bulb. The officer's testimony was refuted in part by a metallurgic expert called by defendants.

Plaintiff's injuries chiefly consisted of extensive facial lacerations; their detrimental cosmetic effect was significant.

Other evidentiary matters will be discussed as they pertain directly to the arguments of counsel.

■ Plaintiff strenuously contends that the trial court erred in permitting defendants to produce evidence on, and to comment upon, Castro's failure to have a driver's license and his lack of driving experience.

We think it is beyond conjecture that the jury would have known from the very fact that Joe Castro was only 15 years of age that he did not have, and could not obtain, a driver's license except under unusual circumstances not here present.

We see a considerable distinction between an unlicensed driver and an unlicensable driver. Obviously no passenger asks an adult driver, with no visible impairments, as to his ability to drive or if he has a driver's license. The Legislature by placing a minimum age on the licensing of drivers has made a determination that children are not of sufficient maturity to drive a vehicle until the age of 16. We think it not unreasonable that if a person knowingly accepts a ride with someone under that age, he also accepts a responsibility for maintaining a greater vigilance while a passenger than if he were riding with a more mature person. Numerous cases have held that negligent entrustment of a vehicle may be predicated upon knowingly permitting an *unlicensed* driver to use one's vehicle. (*Jones* v. *Ayers,* 212 Cal.App.2d 646, 657-658 [28 Cal.Rptr. 223]; *Nault* v. *Smith,* 194 Cal.App.2d 257, 267-268 [14 Cal.Rptr. 889]; *Owens* v. *Carmichael's U-Drive Autos, Inc.,* 116 Cal.App. 348, 352 [2 P.2d 580].) It would·be a strange anomaly if entrustment of one's life and limb to an *unlicensable* driver should be given less consideration.

The cases cited by plaintiff in support of his thesis are not helpful to him. In the case of *Strandt* v. *Cannon,* 29 Cal.App.2d 509 [85 P.2d 160], the court's decision was based in part upon an erroneous instruction that lack of a driver's license was prima facie evidence of incompetence as a driver. No such instruction was given here. Moreover, as the *Strandt* opinion notes, the passenger in that case did not know that his driver was unlicensed. In this case, the passenger not only must have known his driver was unlicensed but that he was unable to obtain a license.

The case of *Shifflette* v. *Walkup Drayage etc. Co.,* 74 Cal.App.2d 903 [169 P.2d 996], is of even less comfort to the plaintiff for in that case there was an express holding that evidence as to the lack of a driver's license was admissible to show negligence on the part of the defendant in permitting an unlicensed driver to drive its vehicle.

We hold that the age and inexperience of the driver was clearly admissible to show contributory negligence on the part of plaintiff in knowingly accepting a ride from an unlicensable person.

■ Plaintiff's second claim of error is predicated upon the establishment of the premise he advanced in his first claim of error that evidence of the lack of a license on the part of Castro was inadmissible. Upon that erroneous premise, plaintiff requested, and was refused, an instruction which told the jurors ". . . that whether Joseph Castro, . . . did or did not have a California driver's license is not an issue in this case and you are not to consider it in arriving at your verdict." It is true that in his opening statement defendants' counsel made a reference to the fact that Joe Castro did not have a license, and upon objection by plaintiff's counsel the jury was instructed to disregard the statement. We have noted, this is a fact the jury would have known in the absence of any evidence. The jury was instructed fully and correctly upon the issue of proximate cause, and it must be presumed that they followed that instruction and would not have given any weight to Joe Castro's being unlicensable, to his chronological immaturity or to his lack of driving experience unless they believed it bore on the issue of proximate cause. Clearly, the instruction was unneeded and in addition was argumentative.

Furthermore, the jury was instructed as follows:

"The plaintiff is not responsible for any act or omission of the driver of the car in which he was riding. Therefore, *unless you find some negligent conduct on his own part which contributed as a proximate cause of his injury, the plaintiff may not be found contributorily negligent.*

"A rider in a motor vehicle who has no right to the control or management of such vehicle nevertheless has the duty to exercise ordinary care for his own safety and take such steps to protect himself as a person of ordinary prudence would take under the same circumstances. It is for you to determine from all of the evidence what conduct might reasonably have been expected of a person of ordinary prudence in the same circumstances.

"In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, such rider is not charged with the responsibility of observing the condition of the traffic on the highway. However, if the rider is aware that the driver is not looking for other vehicular traffic or is driving the vehicle in a negligent manner or is violating the law, or that another motor vehicle is approaching the intersection and is so close as to constitute an immediate hazard to those in the rider's vehicle, he has the duty of doing whatever a person of ordinary prudence in the same situation would do to inform or warn the driver in an effort to prevent an accident.

*"Any negligence of Robert Riddick will not bar his recovery of damages in this case unless such negligence proximately contributed in some degree to his injuries resulting from the accident."* (Italics added.)

██ Of more import is plaintiff's last contention that no instruction on contributory negligence should have been given as no evidence of any negligence on the part of plaintiff was shown which, combining with the negligence of the driver of the truck, contributed as a proximate cause in bringing about his injury. ██ As the case of *Robinson* v. *Cable,* 55 Cal.2d 425, 427-428 [11 Cal.Rptr. 377, 359 P.2d 929], cited by plaintiff, states: "In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence."

██ The chief contributory negligence with which plaintiff could have been charged would have been the failure to have observed that the headlights of the vehicle in which he was riding were not on. We think it obvious that if the car in which he was riding was being operated without headlights, it would be such an obvious act of negligence that it was a special circumstance which required plaintiff, as a passenger, to call it to the attention of the driver. We do not think it speculation to hold such

passive conduct on the part of a passenger to be negligence for it is presumed that a person possessing normal faculties of sight must have seen that which was within the range of sight. (*Martindale* v. *Atchison, T. & S. F. Ry. Co.,* 89 Cal.App.2d 400, 409 [201 P.2d 48].) Equally obvious is the fact that if the car were being operated with its headlights on, the passenger could not be expected to observe every crossroad for traffic which might violate the driver's right of way.

While the evidence is not overwhelming, there is evidence which, if believed by the jury, would support a finding that Joe Castro was driving the vehicle without having the headlights on. We point to the following testimony: a traffic officer testified that the headlight switch was in an "off" position when he began his investigation shortly after the accident and defendant truck driver testified that he looked from an unobstructed vantage point and saw no lights or vehicles on Mettler Road as he began his turn into Mettler Road. Of course, opposed to that testimony was the testimony of Joe Castro and plaintiff that the headlights were on. But the jury was the arbiter of the facts whose judgment we may not disturb if it finds support in the evidence, which it does.

The finding of the headlight switch in the "off" position by the traffic officer of itself would support such a conclusion. It was not in any manner rebutted either by any showing that someone had turned off the lights, or by a showing that the light switch was in such a position that it could have been knocked into the "off" position by the collision.

Nor would it have been unusual or improper for the jury to conclude that the often observed inattention and recklessness of youth caused them to drive without lights, responsibility for which plaintiff could not extricate himself by saying, "I was only along for the ride."

Although we do not predicate our decision upon the fact that plaintiff's driver was an unlicensable driver, we nevertheless wish to answer plaintiff's argument that the youth, relative inexperience and unlicensable status of plaintiff's driver was not a matter for the jury's consideration under an instruction on contributory negligence. We have found but one out of state case, *Sargent* v. *Williams,* 152 Tex. 413 [258 S.W.2d 787], which holds that riding in a vehicle with an unlicensable minor is negligence as a matter of law. But there is no dearth of cases which hold that such a matter may be considered by the trier of fact. (See 8 Am.Jur.2d, Automobiles and Highway Traffic, § 539, pp. 97-98.) Reason and common experience support the consideration of the driver's skill and maturity in determining the reasonableness of the conduct of a

passenger in a vehicle and the extent of the passenger's duty to exercise ordinary care for his own safety. (See *Pobor* v. *Western Pac. R. R. Co.,* 55 Cal.2d 314, 324 [11 Cal.Rptr. 106, 359 P.2d 474].) Our vehicle code has made the age of 16 years the minimum age for the issuance of a driver's license such as was required in this case; such a statute does not lack observational support in the incontrovertible fact that young drivers tend to be inattentive and reckless. We take sad note of the fact that even above the age of 16 years, the driving records of minors are abysmally poor as evidenced by the insurance rates placed upon them. We do not think it an undue burden upon a passenger, knowingly riding with an unlicensable minor driver, that he should observe, closely, from the "edge of his seat" the driving conduct of his driver; most assuredly, a driver's failure to turn on his headlights would be called to the passenger's attention.

■ Plaintiff contends that it is mere speculation and not evidence that the Castro vehicle did not have its headlights on. It is true that the statement of defendant truck driver that he looked and did not see any lights is "negative evidence." But, as Witkin points out in section 315 of California Evidence (2d ed.) at pages 278-279:

"Testimony of a person that he did not see or hear something is often admitted to show that the thing did not happen. Thus, testimony in an accident case, by witnesses in a position to hear and see, that they did not hear any warning bell or whistle, or observe any other signal given, is admissible and may support a verdict though there is direct testimony contrary thereto. [Citations omitted.]

"The opinion in [*Hinton* v. *State of California,* 124 Cal.App.2d 622, 625] quotes from 2 Wigmore, § 664, as follows: 'Courts have often been asked to exclude testimony based on what may be called *negative knowledge,* i.e., testimony that a fact did not occur, founded on the witness' failure to hear or see a fact which he would supposedly have heard or seen if it had occurred. Yet there is no inherent weakness in this kind of knowledge. It rests on the same data of the senses. It may even sometimes be stronger than affirmative impressions. The only requirement is that the witness should have been so situated that *in the ordinary course of events he would have heard* or SEEN the fact had it occurred. This sort of testimony is constantly received,—particularly in proof of the failure to give railroad signals, the loss of a chattel, the absence of a witness, the non-existence of a fictitious person, the non-payment of money, and other negative facts.' " (Emphasis added by the capitalization of the word "seen.")

In *Quiroga* v. *Southern Pacific Co.,* 130 Cal.App.2d .93, 100 [278 P.2d 80], we find the court, quoting with approval from *Jones* v. *Southern Pacific Co.,* 74 Cal.App. 10, 26 [239 P. 429], stating: " 'In *Exposita* v. *United Ry. Co.,* 42 Cal.App. 320 [183 P. 576], wherein a verdict for defendant was returned, the court, in speaking of negative testimony, held: "The defendant offered the only kind of evidence available in the nature of the case. Its negative character affected its weight and sufficiency. Conclusive proof is never necessary to justify the verdict of a jury. The jury had the right to draw its own inference from the evidence." ' (See also *Lahey* v. *Southern Pac. Co.,* 16 Cal.App.2d 652 [61 P.2d 461].)"

The testimony of the investigating officer that the light switch was in the "off" position was additional proof on the issue of the headlights.

 We conclude that it was proper to give an instruction on contributory negligence with respect to the conduct of plaintiff and that the jury was justified in finding either that defendant was not negligent or that plaintiff was contributorily negligent; either finding of course would support the verdict.

The judgment is affirmed.

Gargano, Acting P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1975.