[Criminal No. 301.    Filed June 25, 1912.]

[125 Pac. 483.]

## N. B. CHAVEZ, Appellant, v. TERRITORY OF ARIZONA, Respondent.

CRIMINAL LAW—APPEAL—RECORD—SCOPE AND CONTENTS.—Under Penal Code of 1901, § 983, providing that the statute relating to exceptions, what constitutes the record, and the manner of making oral proof a part of the record in civil cases is applicable to criminal cases, rulings on the admissibility of evidence on a criminal trial cannot be reviewed on appeal, in the absence of a bill of exceptions, unless the reporter's transcript is certified by the trial judge.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Edward M. Doe, Judge.    Affirmed.

The facts are stated in the opinion.

Mr. E. J. Mitchell, for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

FRANKLIN, C. J.—N. B. Chavez was indicted for murder, and under the indictment a verdict of murder in the first degree, fixing the penalty at death, was returned by the jury. The prisoner was sentenced to suffer death, and appeals.

The brief of appellant, and the two assignments of error therein, relate exclusively to alleged errors of the trial court with respect to its rulings on the admission of evidence. There is no bill of exceptions, and the reporter's transcript is not certified to by the trial judge.

However much we may dislike to refrain from passing upon the merits of an assignment of error, this court cannot disregard the plain provisions of the law with reference to what

constitutes the record, and what may be considered on appeal to the supreme court. Paragraph 983 of the Penal Code provides: ''The statute relating to exceptions, what constitutes the record, and the manner of making oral proof a part of the record in civil cases is hereby made applicable to all criminal cases.'' The statutes relating to the matters mentioned in the foregoing provision of the Penal Code will be found in paragraph 874, Revised Statutes of 1887, (chapters 17 and 19, title 17, Revised Statutes of 1901; section 15, chapter 74, Laws of 1907), and have been in force and effect for many years. The supreme court of the territory has repeatedly held, and we think correctly, that under these statutes the rulings of the trial court with respect to the introduction or exclusion of evidence cannot be reviewed on appeal to this court in the absence of a bill of exceptions, unless the trial judge certifies to the reporter's transcript, and that such statutes are as binding upon appellants and the court in criminal cases as in civil cases. *Romero* v. *Territory,* 12 Ariz. 10, 95 Pac. 101; *Molina* v. *Territory,* 12 Ariz. 14, 95 Pac. 102. That the reporter's transcript may import absolute verity as to the matters complained of, the law requires the authentication thereof by the trial judge. This court is, therefore, precluded from considering the assignments of error urged in appellant's brief.

This being a criminal case where the death penalty was awarded, we have most carefully scrutinized the record as it is presented to us. The indictment is sufficient, and the evidence in the case is ample to support the conviction. The instructions are a good exposition of the law applicable to the facts of the case. No error of a material character appearing in the record which we can consider, the judgment of the lower court is in all things affirmed. The case is remanded to the superior court of the state of Arizona in and for the county of Yavapai, with instructions to carry the judgment of the district court of the fourth judicial district of the territory of Arizona in and for the county of Yavapai into execution.

CUNNINGHAM, J., and DUFFY, J., concur.

N. B.—Judge ROSS, being disqualified and announcing his disqualification in open court, the remaining judges, un-

der section 3 of article 6 of the constitution, called in Hon. F. J. DUFFY, Judge of the superior court of the state of Arizona, in and for Santa Cruz county, to sit with them in the hearing of this case.

NOTE.—As to filing of bill of exceptions, see note in 15 Am. St. Rep. 297.