[Criminal No. 303.   Filed July 11, 1912.]

[125 Pac. 483.]

## EDUARDO PEREZ, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. Grand Jury—Objections—Time for Making Waived.—Where a statute prescribes a particular way to raise an objection, a failure to pursue that method will amount to a waiver, where the objection is one which could have been cured, had attention been called to it, so that, as, under Penal Code of 1901, section 797, a person held to answer to a charge for a public offense cannot object "to the panel or an individual grand juror by any other mode than by challenge," a failure to challenge the panel of the grand jury, or to move to quash the indictment for irregularity in its organization, amounts to a waiver.

2. Criminal Law—Appeal—Bill of Exceptions — Certified Transcript.—The rulings of a trial court in a criminal prosecution on the introduction or exclusion of evidence cannot be reviewed on appeal in the absence of a bill of exceptions, unless the trial judge certifies the correctness of the reporter's transcript.

3. Homicide—Indictment—Issues, Proof, and Variance.—Where, in an indictment for murder, the name of the deceased was given as Felicio C., and there was proof that the true name of the person killed was Feliciano C., the variance, if any, was immaterial, as the one name is evidently a contraction of the other, and the direction of an acquittal would not be justified.

4. Homicide—Question for Jury—Variance.—In a prosecution for murder, whether there was material variance between the proof and the allegation of the indictment, as to the name of the deceased, was a question for the jury.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Edward M. Doe, Judge.   Affirmed.

The facts are stated in the opinion.

Messrs. Clark, Haworth & Stewart, for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

CUNNINGHAM, J.—The defendant was indicted for the killing of Felicio Chacon, on August 14, 1910, at or near

Congress Junction, Yavapai County, Arizona, to which indictment he pleaded not guilty. A trial was had, and the jury returned a verdict of guilty of murder in the first degree and fixed the death penalty. The judgment of the court followed the verdict, from which judgment, and from an order denying the defendant's motion in arrest of judgment, and from an order denying the defendant's motion for a new trial, he prosecutes this appeal.

The defendant assigns a number of errors, which we shall consider, but not in the order of their assignment.

Defendant's seventh assignment of error is based upon the order overruling his motion in arrest of judgment. This motion alleges irregularities in the drawing and impaneling of the grand jury which returned the indictment upon which the trial was had, contending that such irregularities render the trial and conviction upon an indictment by said grand jury wholly void, and allege that the trial jury which convicted the defendant was illegally drawn and impaneled.

The record filed in this court by the defendant fails to incorporate the minutes of the drawing of the grand jury, but the alleged record is presented in the form of appellant's motion in arrest of judgment, supported by affidavits. The record discloses no challenge to the panel of the grand jury, nor any motion to quash the indictment by reason of any irregularities committed in the organization of the grand jury.

A person held "to answer to a charge for a public offense can take advantage of any objection to the panel or to an individual grand juror in no other mode than by challenge." Sec. 797, Pen. Code Ariz., 1901.

When, by statute, a particular way is prescribed to raise an objection, and the party neglects to pursue the statutory way, and the objection is one which could have been cured at the time, if attention had been called to it, he must be adjudged to have waived such objection. He must assert his privilege in the proper way and at the proper time, or he is deemed to have waived it. *Montgomery* v. *State,* 3 Kan. 263; *In re Wilson,* 140 U. S. 575, 35 L. Ed. 513, 11 Sup. Ct. Rep. 870; *Thomas* v. *Territory,* 11 Ariz. 184, 89 Pac. 591.

The appellant is likewise deemed to have waived the objections raised to the impaneling of the trial jury, under the authorities cited above.

A number of assignments are based upon alleged error committed by the court in its rulings upon the admission and exclusion of evidence upon the trial of the case. The correctness of the reporter's transcript of the testimony is not certified to by the trial judge, and no bill of exceptions, other than the reporter's transcript, appears in the record.

This court held, in the case of *Chavez* v. *Territory, ante,* p. 107, 125 Pac. 483, recently decided, that under the statutes now in force the rulings of the trial court with respect to the introduction or exclusion of evidence cannot be reviewed upon appeal to this court, in the absence of a bill of exceptions, unless the trial judge certifies to the correctness of the reporter's transcript. *Romero* v. *Territory,* 12 Ariz. 10, 95 Pac. 101; *Molina* v. *Territory,* 12 Ariz. 14, 95 Pac. 102. This court is therefore precluded from considering the assignments of error alleged by appellant based upon the introduction and exclusion of testimony.

The name of the deceased, as laid in the indictment, is Felicio Chacon, and some evidence was produced on the trial tending to prove that the true name of the person killed by the defendant on the fourteenth day of August, 1910, was Feliciano Chacon, and upon this state of the case, at the close of the testimony for the prosecution, the appellant moved the court to instruct the jury to acquit on the grounds of a variance, which motion was denied, and such ruling is assigned as error. We think the variance, if any, immaterial. Felicio and Feliciano evidently have the same derivation, the one a contraction of the other. It was not a misnomer to designate the deceased as Felicio Chacon, when his correct name was Feliciano Chacon; and the jury, under the evidence in the case, when the question contested was the name, were justified in considering the two names one and the same. *Alsup* v. *State,* 36 Tex. Cr. 535, 38 S. W. 174; *Walter* v. *State,* 105 Ind. 589, 5 N. E. 735; *State* v. *Watson,* 30 Kan. 281, 1 Pac. 770.

"Whether there is a material variance between the proof and the allegations of the indictment as to the names of persons, or any other facts, is a question for the jury." 12 Cyc. 590.

The question was fairly and properly submitted to the jury, and the jury found the fact against appellant's contention.

We think no error was committed by the court in denying the motion and submitting the question to the jury.

We have carefully examined the entire record presented. We think the instructions of the court fairly placed the law of the case before the jury, and we think the substantial evidence supports the verdict. While we regret the necessity, we must affirm the judgment of the trial court and order that the sentence be carried out in accordance with the law in such cases provided.

FRANKLIN, C. J., and DUFFY, J., concur.

N. B.—ROSS, J., being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the constitution, called in Hon. FRANK J. DUFFY, Judge of the superior court of the state of Arizona, in and for the county of Santa Cruz, to sit with them in the hearing of this case.

NOTE.—As to waiver of irregularity in the formation of a grand jury, see note in 4 Ann. Cas. 226.

As to what names are *idem sonans,* see note in 100 Am. St. Rep. 322.