[Criminal No. 375.   Filed February 25, 1916.]

[155 Pac. 308.]

JOSEPH CALLAGHAN, Appellant, v. STATE, Respondent.

1. RAPE—"ASSAULT WITH INTENT TO COMMIT RAPE"—ASSAULT—ELEMENTS.—Penal Code of 1913, section 231, provides that sexual intercourse with a female under 18 years of age whether accomplished by force or with her consent, is rape. Section 194 provides that every person assaulting another with intent to commit rape, etc., is punishable as therein provided. Section 207 provides that an assault is an unlawful attempt, coupled with a present ability, to commit a violent injury to another. *Held*, that when sexual intercourse is attempted with a female under 18 years of age, whether with her consent or without it, the felonious intent is present, and if the attempt is accomplished by some act characterized as having an immediate relation to the bringing about of a condition under which intercourse could be accomplished, it is an "assault with intent to commit rape."

2. INDICTMENT AND INFORMATION—DUPLICITY.—An information charged that defendant feloniously, etc., made an assault upon a person

XVII Ariz.—34

named, and willfully, etc., did ravish and carnally know her, such person not being his wife, and she being then a female under the age of 18 years, to wit, of the age of 9 years. *Held*, that this did not charge two offenses, but charged only the offense of rape, though defendant thereunder could have been convicted of an assault with intent to commit rape, as the assault was not charged independent of the charge of rape, but only as it is included in that crime.

3. RAPE—INFORMATION—STATUTORY RAPE.—The charging of an assault in the information was unnecessary as the law implies an assault where the female raped is under 18 years of age.

4. RAPE—INFORMATION—STATUTORY RAPE.—The information charged statutory rape clearly and distinctly in ordinary and concise language and in such a manner as to enable a person of common understanding to know what was intended, and a demurrer was properly overruled.

5. CRIMINAL LAW—CONTINUANCE—ABSENCE OF WITNESSES.—In a criminal prosecution defendant moved for a continuance on the ground of an absent witness. His affidavit in support of the motion, which was controverted by the state, stated the material facts upon which the continuance was asked upon information and belief, without setting forth the source of the information. It was not shown that the attendance of the witness might be had at any future time, and it appeared that he testified at the preliminary examination, and that the record of his testimony was available, but it was claimed that he did not testify truthfully or fully, and that he would do so in the superior court if a continuance was granted. *Held*, that the denial of the motion was not an abuse of discretion.

[As to absence of witnesses as ground for continuance, see note in 122 Am. St. Rep. 745.]

6. CRIMINAL LAW—APPEAL—RECORD—CERTIFICATION.—Under Penal Code of 1913, section 1101, providing that the statute relating to exceptions, what constitutes the record, and the manner of making oral proof a part of the record in civil cases, is thereby made applicable to all criminal cases, the reporter's transcript is not a part of the record on appeal, unless certified by the trial judge.

APPEAL from a judgment of the Superior Court of the County of Mohave. John A. Ellis, Judge. Affirmed.

Mr. Ross H. Blakely, for Appellant.

Mr. Wiley E. Jones, Attorney General, for the State.

FRANKLIN, J.—The defendant was convicted of the crime of rape, perpetrated upon a girl under the age of 18 years; that is to say, a girl the law presumes is too young to give her consent to the sexual act. The appeal is from the judgment of conviction and an order denying a motion for a new trial.

The defendant complains that the information upon which he was tried is bad because it charges two offenses, namely, assault and rape; and that if his contention in this behalf be not sustained, he urges that the information states no offense at all. So far as material to the discussion (except the name of the prosecuting witness, which we shall omit) the information states that the defendant Joseph T. Callaghan "did then and there willfully, unlawfully, and feloniously make an assault upon one ―― ――, and then and there, willfully, unlawfully, and feloniously did ravish and carnally know her, the said ―― ――, she, the said ―― ――, not then and there being the wife of the said Joseph T. Callaghan, and she, the said ―― ――, being then and there a female under the age of 18 years, to wit, of the age of 9 years."

Under the Penal Code of this state an act of sexual intercourse with a female under 18 years of age, and not the wife of the perpetrator, whether accomplished by force or with her consent, is rape. Section 231, Penal Code 1913. The statute also denounces as a crime the act of every person who assaults another with intent to commit rape. Section 194, Penal Code 1913. An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. Section 207, Penal Code 1913. A battery is any willful and unlawful use of force or violence upon the person of another. Section 209, Penal Code 1913. If an assault is committed by an adult male upon the person of a female or child, it is denounced as an aggravated assault. Section 215, Penal Code 1913. These provisions of the law have been quoted that stress may be laid upon the risk which a lecherous man runs in the gratification of, or an attempt to gratify, his unlawful lust with a young girl not his wife. Any act of sexual intercourse with such a female is without her consent, because she is deemed in law incapable of such consent, and the sexual act with her must necessarily involve

the element of assault and violence, even though she yielded voluntarily to her shame. An injury to her person more violent than the rape of a young girl—her defloration and ruin—is impossible. She is protected, not only from the passion of men but from her own frailty—not only from an accomplished act of seduction, but from all the defiling acts of the seducer that may lead to her destruction. It is the voice of society echoed in the statute law of this state, that the bloom of her virtue and innocence outweigh all other considerations, and must be preserved even though a temporary weakness or want of understanding on her part invite to ruin. He who would yield to the temptation to destroy the innocence of a young girl must take the penalty coupled with the act.

If sexual intercourse is attempted with a female under 18 years of age, no matter whether it be with her consent or without it, the felonious intent is present on the part of the male. If such an attempt is accompanied by some act "that can be fairly, according to human experience, characterized as having an immediate relation to and preparation or the bringing about of a condition under which intercourse could be accomplished," it is an assault with intent to commit rape. The felonious intent existing, there may not be a touching of the person of the female.

"If under the law, a female under 12 [18] years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act." *State* v. *Fujita,* 20 N. D. 555, Ann. Cas. 1913A, 159, 129 N. W. 360.

" . . . If the assault was made under such circumstances that the act of sexual intercourse, if it had been accomplished, would have been a rape, then the accused is guilty of assault with intent to commit rape." Ann. Cas. 1913A, 163, and cases cited.

The information does not charge two offenses. The offense of rape only is charged, but under its allegations the defendant could have been convicted of an assault with intent to commit rape. Whenever sexual intercourse is consummated with a girl under the age of consent, it is considered as rape, and it is held, with perhaps but few exceptions, that

an attempt to have such connection is an assault with intent to commit rape; the consent of the female being wholly immaterial. *Liebscher* v. *State,* 69 Neb. 395, 95 N. W. 870, 5 Ann. Cas. 351, and cases cited in the note. The charging of an assault in the information is unnecessary as the law implies it. The information would have been perfectly good without the allegation of an assault. It would have been necessary in an information where the prosecutrix was over 18 years of age, but the rule is different where the prosecutrix is under the age of consent. The crime of assault is not charged independent of the charge of rape, but only as it is included in the crime of rape. *State* v. *Elswood,* 15 Wash. 453, 46 Pac. 727; *State* v. *Horne,* 20 Or. 485, 26 Pac. 665.

The information charges statutory rape, and the charge is clearly and distinctly set forth in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. The demurrer was properly overruled.

The defendant moved for a continuance of the trial on the ground of an absent witness. His affidavit in support of the motion was controverted by the state. There are a number of objections to the sufficiency of the affidavit. The material facts upon the basis of which the continuance is asked are averred upon information and belief, and the source of the information is not set forth. It is not shown that the attendance of the absent witness may be had at any future time. It also appears from defendant's affidavit that the absent witness was in attendance and testified at the preliminary examination on which he was held to answer to the charge in the superior court, and that the record of his testimony is available to the defendant. But it is urged that the absent witness was not truthful in his testimony at the preliminary examination, or, at least, that he did not tell the whole truth, but will do so in the superior court if the continuance is granted. In *Eytinge* v. *Territory,* 12 Ariz. 131, 100 Pac. 443, it is said:

"The granting or withholding of a continuance rests in the sound discretion of the trial court. Its action in refusing it will not be the basis for a reversal of the judgment unless it is manifest that the discretion has been abused. *Elias* v.

*Territory,* 9 Ariz. 1, 76 Pac. 605 [11 Ann. Cas. 1153]; *Halderman* v. *Territory,* 7 Ariz. 126, 60 Pac. 876; *Territory* v. *Dooley,* 3 Ariz. 60, 78 Pac. 138; *Territory* v. *Barth,* 2 Ariz. 322, 15 Pac. 673. It cannot with propriety be held to be an abuse of discretion to deny a continuance where all of the material facts upon the basis of which the continuance is sought are averred upon information and belief without setting forth the source of the information. To demand consideration in any judicial proceeding, an affidavit must be traversable, and thereby must lay the foundation for a charge of perjury if false. The affidavit in this case was deficient in this essential. *Comstock* v. *Nebraska,* 14 Neb. 205, 15 N. W. 355; *People* v. *Francis,* 38 Cal. 183; *State* v. *Wilson,* 9 Wash. 218, 37 Pac. 424; *State* v. *Carroll,* 13 N. D. 383, 101 N. W. 317; *Turner* v. *Commonwealth,* 25 Ky. Law Rep. 2161, 80 S. W. 197; *State* v. *Crane,* 202 Mo. 54, 100 S. W. 422; *Bradley* v. *State,* 128 Ga. 120, 57 S. E. 237; *Brown* v. *State,* 23 Tex. 195.''

See, also, *Sharp* v. *Territory,* 13 Ariz. 416, 114 Pac. 974.

We see no abuse of discretion in denying the motion for a continuance on the showing made.

Some other matters are sought to be litigated, but to consider which we would have to have the reporter's transcript. What purports to be such a paper is not made a part of the record by the certificate of the trial judge. The law is that the reporter's transcript is not part of the record on appeal unless it is certified by the trial judge, and this court has many times so declared. *Chavez* v. *Territory,* 14 Ariz. 107, 125 Pac. 483; *Perez* v. *Territory,* 14 Ariz. 163, 125 Pac. 483; *Shaffer* v. *Territory,* 14 Ariz. 329, 127 Pac. 746; Penal Code 1913, sec. 1101; *Reiniger* v. *Besley,* 16 Ariz. 161, 141 Pac. 574.

Finding no reversible error, the judgment and order of the superior court stand affirmed.

ROSS, C. J., and CUNNINGHAM, J., concur.