[Criminal No. 454.   Filed February 3, 1919.]

[178 Pac. 28.]

GEORGE ELMER, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW — ADMISSION OF IMPROPER TESTIMONY — REVERSIBLE ERROR.—If improper and prejudicial testimony upon a vital point has been admitted as against the defendant, he is entitled to a reversal, although upon the whole record his guilt may be apparent.

2. RAPE—COMPLAINTS OF VICTIM—EVIDENCE—ADMISSIBILITY.—Where victim of rape, who at the time of the trial was 16 years old and not imbecile or otherwise incapacitated, and was available as a witness, did not appear and testify, evidence that soon after occurrence she made complaint of the wrong done her by defendant was inadmissible; such evidence being admissible only in corroboration of victim.

3. CRIMINAL LAW — ADMISSION OF IMPROPER TESTIMONY — REVERSIBLE ERROR.—Where victim of rape, who at time of trial was 16 years old and not imbecile or otherwise incapacitated, and was available, did not appear and testify, admitting evidence that soon after occurrence she made complaint of the wrong done her by defendant was

prejudicial error, and not technical in the sense that Constitution, article 6, section 22, forbids reversal for technical error.

[As to evidence of complaint made by prosecutrix, see note in 38 Am. Rep. 369.]

APPEAL from a judgment of the Superior Court of the county of Graham. A. G. McAlister, Judge. Reversed with instructions that new trial be granted.

Mr. F. C. Jacobs and Mr. Lee N. Stratton, for Appellant.

Mr. Wiley E. Jones, Attorney General, for the State.

BAKER, J.—The defendant was informed against, tried and convicted of the crime of rape, alleged to have been committed upon his own daughter, a young girl under the age of 18 years. He appeals from the judgment of conviction and the order denying a new trial.

The crime charged is a revolting one to any decent man, and the defendant, if guilty, justly deserved the punishment inflicted upon him; nevertheless, it remains our duty, under the assignments of error, to examine the record and determine if the defendant has been convicted in accordance with the rules of criminal procedure made applicable alike in the trial of one who is guilty as well as one who is innocent. If improper and prejudicial testimony upon a vital point has been admitted as against the defendant, he is entitled to a reversal of the judgment of conviction, although upon the whole record his guilt may be apparent. In *People* v. *Hulse,* 3 Hill (N. Y.), 316, BRONSON, J., after citing the admonitory remarks of Lord Hale on the ease with which the accusation of rape may be made and the difficulty of defense by the party charged adds:

"Cases of this character do not call for any relaxation of the rules of evidence for the purpose of supporting the accusation. . . . There is much greater danger that injustice may be done to the defendant in cases of this kind than . . . in prosecutions of any other character."

It is assigned as error that the trial court permitted several witnesses for the prosecution, including the wife of the defendant, to testify that the young girl, soon after the alleged unlawful occurrence, made complaint of the wrong done her by the defendant. The young girl was not prosecutrix in

the case; that is, she did not appear as a witness and testify in the case. It does not appear that she was too young to understand the nature of an oath, or that she ,was imbecile or otherwise incapacitated as a witness. It does appear, however, that at the time of the trial she was about 16 years of age, and resided in the county where the case was tried, and that she was available as a witness if the prosecution desired to call her. The rule is well established that the fact that the victim of a rape made complaint soon after the occurrence may be shown in evidence, either by the testimony of the victim or by the person to whom the complaint was made. However, such testimony is not admissible as independent proof of the commission of the crime, but is only to be received in corroboration of the victim or prosecutrix. 22 R. C. L., § 47; 33 Cyc. 1463.

This rule has received the sanction of the court in this jurisdiction:

"The evidence of the complaint is not admitted as a part of the *res gestae,* nor as evidence of the guilt of the defendant, but merely in corroboration of the prosecuting witness in the sense that it removes from her testimony a suspicion that might otherwise rest upon it, unless it were shown that she did what would naturally have been done by a chaste woman under like circumstances, viz., made known the fact of the injury done her." *Territory of Arizona* v. *Kirby,* 3 Ariz. 291, 28 Pac. 1134.

But it is obvious that this rule has no application in the present case, for the reason that the young girl was not called and did not testify in the case, and therefore the testimony of complaints made by her should have been excluded as unsatisfactory and incompetent hearsay evidence.

Mr. Wigmore, in discussing the admissibility of complaints made by the injured female, says:

"Since the only object of the evidence (complaint) is to repel the supposed inconsistency between the woman's present testimony and her former silence, it is obvious that if she has not testified at all, there is no inconsistency to repel, and therefore, the evidence is irrelevant." 2 Wigmore on Evidence, par. 1136, subd. 2.

Greenleaf positively declares that:

"Where she is not a witness in the case, it [complaint] is wholly inadmissible." 3 Greenleaf, 213.

"But where the facts and circumstances do not form part of the *res gestae,* that is, they are not so intimately connected with the complaint as to spring with the act itself, they can be given in evidence only in corroboration, but even then are not admissible where the injured woman does not testify." 1 Wharton's Criminal Evidence, p. 520 (note).

The adjudicated cases fully sustain these text-writers. *People* v. *Graham,* 21 Cal. 268; *State* v. *Wheeler,* 116 Iowa, 212, 93 Am. St. Rep. 238, 89 N. W. 978; *Matthews* v. *State,* 19 Neb. 330, 37 N. W. 234; *People* v. *McGee,* 1 Denio (N. Y.), 19.

It is said, however, that, although it was error to permit the witnesses for the prosecution to testify to the complaints made by the young girl, such testimony was not prejudicial because other evidence in the case established the guilt of the defendant. We cannot agree with this contention. Conceding that the other evidence is very conclusive as establishing the guilt of the defendant, this will not justify a holding that illegal evidence upon the vital issue in the case was not prejudicial to the accused. He was a witness at the trial in his own behalf, and stoutly denied his guilt. The question of fact was one for the jury, and the defendant had the right to have the issue submitted to the jury free from the objectionable and dangerous hearsay testimony.

This is not a case where it can be consistently said that the error in admitting the hearsay testimony was "technical" in the sense of section 22, article 6, of the Constitution, forbidding the reversal of any cause for technical error where, upon the whole record, substantial justice has been done.

Complaint is made in other assignments that the trial court erred in permitting the defendant's wife to become a witness for the prosecution and testify to communications between the husband and wife. Furthermore, that the trial court erred in permitting evidence to be introduced in behalf of the prosecution concerning extrajudicial confessions made by the defendant. In the rulings challenged by these assignments we find no reversible error, but, owing to the final disposition of the case, we do not feel that these assignments require any extended discussion. The one prejudicial error is that several witnesses for the prosecution were permitted to testify to complaints made by the young girl when she was not called as a witness; it not being shown that at the time of the

trial she was under any disability as a witness by reason of her youth or on account of imbecility. 33 Cyc. 1468; *People* v. *Figueroa*, 134 Cal. 159, 66 Pac. 202.

The judgment is reversed and the cause remanded for a new trial.

CUNNINGHAM, C. J., and ROSS, J., concur.