408 P.2d 397

**STATE of Arizona, Appellee,**

v.

**James David RANDOLPH, Appellant.**

**No. 1544.**

Supreme Court of Arizona,

In Division.

Dec. 8, 1965.

**254**

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., by Lars Pedersen, Deputy County Atty., for appellee.

William Messing, Tucson, for appellant.

BERNSTEIN, Justice.

Appellant Randolph, hereinafter called defendant, appeals from a judgment of conviction of first degree rape in the Superior Court of Pima County. A.R.S. § 13-611 subsec. A, par. 3.

Both the defendant and Miss A., the complaining witness, worked and lived at the Rancho Diablo in Tucson. Construing the facts most favorably to support the conviction, the following appears: At approximately one o'clock a. m. on May 10, 1964, Miss A. heard a noise outside her apartment. She looked and saw the defendant moving swiftly out of the shadows. He unlocked the door with a key later found in his possession, entered and pushed Miss A. to the bed. When she screamed he held a pocket knife to her throat and told her to be quiet. She submitted to an act of sexual intercourse because he said he would use the knife on her if she resisted. After defendant finished and while he was looking for matches to light a cigarette, Miss A. hid the knife in her clothing. They talked for a while, then the defendant expressed a desire to have intercourse again. When Miss A. objected, he started searching for the knife whereupon she complained of a head-

ache, went in the bathroom ostensibly to get some aspirin, and hid the knife. When she returned, his back was turned and she escaped. After hiding in the hedges for five minutes, she went to the apartment of a neighbor, Mister Horne, and told him what happened. At the trial he testified that when Miss A. came to his door she was in an extremely hysterical state, sobbing, crying and retching. He notified the proprietor, the police were called and defendant arrested. The defendant testified that Miss A. freely consented to his advances. He said he had purchased the knife as a gift for her which she accepted on the night in question.

■ At the beginning of the trial and while the jurors were sitting in the court anteroom, the Sheriff brought defendant to the courtroom with his hands handcuffed behind his back. The handcuffs were removed just before defendant entered the courtroom. A motion for mistrial was made and denied which is the first assignment of error. The record indicates the jurors might have seen defendant in handcuffs. State v. Chavez, 98 Ariz. 236, 403 P.2d 545 cites State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 for the principle that whether a defendant is prejudiced by being handcuffed rests within the sound discretion of the trial court. The Pulliam case was factually similar to the case before us. The charge was different—robbery—but the Sheriff removed the defendant's handcuffs at the courtroom door as in this case. In State v. George, 98 Ariz. 290, 403 P.2d 932 the defendant was actually brought into the courtroom in handcuffs which were then removed. We disapproved of the procedure but found the trial judge had not abused his discretion in denying a mistrial. The trial court in this case did not abuse its discretion in denying the motion for mistrial.

■■ Defendant contends the trial court erred in admitting the testimony of state witness Horne who repeated the details of the complaint made to him by Miss A. Over objection, the court allowed the hearsay statement as an excited utterance and part of the res gestae. Defendant contends the ruling was erroneous because approximately fifty-five minutes elapsed between the alleged rape and Miss A.'s statement to Mr. Horne. The admissibility of the details of a rape victim's complaint as within the res gestae exception to the hearsay rule is a matter within the sound discretion of the trial court and each case must depend upon its own facts. The test for the admissibility of such statements was clearly set forth in State v. Owen, 94 Ariz. 404, 385 P.2d 700, judgment vacated on different grounds 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 and remanded to the trial court 96 Ariz. 274, 394 P.2d 206:

> " * * * If they were spontaneous exclamations and a part of the 'circumstances which are the automatic and undesigned incidents of the particular

act in issue,' \* \* \* then the court was correct in so ruling (admitting into evidence). There are various factors affecting the spontaneity of statements made to others by the victim of an offense. 'Time is not the sole test for either the admission or rejection of such proof; instinctiveness is the requisite.' \* \* \* There must be no break or letdown in the continuity of the transaction, but it must be before there has been time to contrive and misrepresent, and while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance, precluding afterthought or deliberate design." 94 Ariz. at pp. 406–407, 385 P. 2d at p. 701.

Miss A.'s complaint to Mister Horne was properly admitted.

■■■ Defendant next assigns as error the trial court's refusal to give the following charge:

"In arriving at a decision you should take into consideration the moral character of the Prosecutrix and whether she has been guilty of prior unchaste acts."

Defendant further advised the court that the word "may" could be substituted for the word "should". The state did not object when Miss A. was cross examined and admitted her prior unchastity. Hence, the jury had that evidence before it when determining whether she was forcibly raped or consented to the defendant's advances as he contended. The court erred by refusing to give the requested instruction. The defendant's requested instructions which go to the gist of the theory of his defense and are supported by the competent evidence must be given. Walker v. State of Arizona, 52 Ariz. 480, 83 P.2d 994; Rule 272, Rules of Criminal Procedure, 17 A.R.S.; Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071. However, we do not think the error was prejudicial in this case and did not deprive defendant of a substantial right. State v. Moreno, 92 Ariz. 116, 374 P.2d 872; Ariz.Const. Art. 6, § 27, A.R.S.

■ Defendant contends the trial court erred in failing to give the jury a cautionary instruction that an accusation of rape is easy to make, hard to prove and harder still to defend against. The instruction was not requested but defendant claims it must be given, citing State v. Brady, 66 Ariz. 365, 189 P.2d 198 as authority. That case does not so hold. Moreover, failure to request this instruction precludes appellate review of alleged error based upon its omission. State v. Maxwell, 95 Ariz. 396, 391 P.2d 560; State v. Francis, 91 Ariz. 219, 371 P.2d 97.

■■ Defendant claims he was deprived of a fair and impartial trial because the prosecuting attorney made the following remark to the jury during summation:

"Now, if you are going to turn this man loose on the evidence you have heard here, I think you might as well raze the courthouse and have a parking lot here. On the facts that you have heard here, this is not a decision that you could come to."

The court subsequently instructed the jury as follows:

"Of course, remarks of counsel upon argument, either during the trial or at the close of the case, are not evidence."

In determining whether the prosecutor's remarks are so objectionable as to require a reversal, we have stated the test to be: Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397.

In Goodyear the prosecuting attorney told the jury that people in the community would not be safe if the defendants were acquitted. We held no error. In State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, cert. denied 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726 the county attorney told the jurors they could turn the defendant loose to go out and commit other burglaries or they could find him guilty as charged. We held no error.

Finally, defendant contends the verdict is contrary to the weight of the evidence.

Viewing the record most favorably to support the verdict, we find substantial evidence to support the conviction. State v. Bearden, 99 Ariz. 1, 405 P.2d 885.

Affirmed.

LOCKWOOD, C. J., and UDALL, J., concur.